

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

JOSE SANTOS,

                 Petitioner,

   -against-

UNITED STATES,

                 Respondent.

---------------------------------------------------------------- X

14-CV-3341 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Petitioner, Jose Santos, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, on the ground that his attorney was ineffective in encouraging him to enter a guilty plea, which resulted in a 162-month prison sentence. Because petitioner has not identified any extraordinary circumstances that would warrant equitable tolling of the period in which to file a habeas petition, his petition, arriving 32 months late, is denied.

## BACKGROUND

On June 25, 2009, petitioner pled guilty to a Hobbs Act robbery conspiracy, 18 U.S.C. § 1951, and use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Pet. for Writ of Habeas Corpus ("Pet."), Dkt. #1, at 2. The charges arose from a series of robberies carried out by petitioner and a co-conspirator between September and November 2006. Gov't Resp. to Pet. ("Gov't Resp."), Dkt. #6, at 1. Petitioner's presentence investigation report states that the robberies yielded petitioner and his co-conspirator $130,000, and on numerous occasions, petitioner brandished a firearm. Id.

1

At petitioner's plea hearing, with the assistance of a Spanish interpreter, petitioner acknowledged that he understood both the charges against him and the plea agreement into which he had entered. Id. at 3. He further stated that the plea agreement had been translated for him before he signed it. Id. In response to questions from the court, petitioner indicated that he had been able to communicate with his attorney, that they had discussed the plea agreement, and that he had been satisfied with his attorney's representation. Id. at 2-3.

On March 30, 2010, the court sentenced petitioner to 78 months imprisonment for the robbery conspiracy charge and 84 months imprisonment, to be served consecutively, for the firearm charge. Id. at 4. The judgment against petitioner was entered on April 1, 2010, and the window during which he could appeal expired on July 15, 2010. Id. at 5.

On March 29, 2014, petitioner filed the present habeas petition alleging ineffective assistance of counsel. Petitioner claims that his attorney encouraged him to enter the plea agreement after telling him that "there was nothing she could do to help [his] case"; that his attorney did "not argue the fact[] that [he] did not possess a gun" or "the fact that no robbery took place"; and that he was made to sign the plea agreement without "understanding what [his attorney] was having [him] sign." Pet. at 5.

## DISCUSSION

The one-year statute of limitations for petitioner to file a habeas petition began to run on July 16, 2010, when the judgment against him became final. See Martin v. United States, 834 F. Supp. 2d 115, 123 (E.D.N.Y. 2011); 28 U.S.C. § 2255(f). Thus, the present petition, dated March 19, 2014, was filed more than 32 months after the statutory deadline. Unless petitioner can

demonstrate that he is entitled to equitable tolling of the one-year statute of limitations, the court must deny his application for habeas relief.

Equitable tolling is available to a habeas petitioner in "rare and exceptional circumstances." Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (internal quotation marks omitted). To be entitled to equitable tolling, the petitioner must demonstrate that "extraordinary circumstances prevented him from filing his petition on time" and that "he . . . acted with reasonable diligence throughout the period he seeks to toll." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003). Here, petitioner argues that because it took until his habeas filing "to learn the language and the process [by which he] could defend [himself]," the 32-month period in which he failed to file should be tolled. Reply in Supp. of Pet. for Writ of Habeas Corpus, Dkt. #8, at ECF 1.

A lack of familiarity with the legal system is not an extraordinary circumstance that will justify equitable tolling. Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). A language deficiency, in contrast, may entitle a petitioner to tolling. Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). Diaz made clear that "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the statute of] limitations period." Id. If a petitioner has made "all reasonable efforts to obtain assistance to mitigate his language deficiency," equitable tolling may be appropriate. Id.

Here, petitioner does not identify any efforts that he made to overcome his language deficiency during the 32-month period of delay, but rather simply states that a language barrier existed. The mere identification of a language barrier, however, will not entitle petitioner to equitable tolling. See id. (rejecting equitable tolling claim where petitioners presented "no

3

allegation of any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement"); Romero v. Ercole, No. 08-CV-4983(RRM), 2009 WL 1181260, at *6 (E.D.N.Y. Apr. 30, 2009) (rejecting equitable tolling where petitioner "failed to allege any efforts to obtain assistance to mitigate his language deficiency" (internal quotation marks omitted)). The court, therefore, finds that petitioner is not entitled to equitable tolling and must deny the present petition as untimely.

The same outcome would result if the court were to consider the merits of petitioner's claim that he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner's allegations against his attorney arising from the circumstances surrounding his guilty plea are belied by petitioner's statements in open court, which "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."). For the reasons outlined in the government's letter in response to the present petition, Gov't Resp. 6-9, petitioner's ineffective assistance of counsel claim is without merit.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. Petitioner may seek such a certificate from the Second Circuit Court of Appeals. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: September 26, 2014
Brooklyn, New York

**SERVICE LIST**

Petitioner:

Jose I. Santos
# 76592-053
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720